IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KIMBERLY NORRELL d/b/a <br> THE DAINTY DOE, <br> *Plaintiff* <br><br> v. <br><br> DOES 1-133 THE INDIVIDUALS, <br> BUSINESS ENTITIES, AND <br> UNINCORPORATED ASSOCIATIONS <br> IDENTIFIED ON SCHEDULE A, <br> *Defendants* | § § § § § § § § § § § § <br><br> Case No. 1:23-cv-00238-RP |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Default Judgment and Permanent Injunction, filed June 30, 2023 (Dkt. 41), and Plaintiff's Supplemental Brief Regarding Defaulting Defendants, filed August 18, 2023 (Dkt. 45). By Text Order entered July 5, 2023, the District Court referred the motion to this Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

Plaintiff Kimberly Norrell filed suit against 133 individuals and businesses for copyright infringement under 17 U.S.C. § 501. Norrell designs and sells jewelry through her business, the Dainty Doe, in Georgetown, Texas. Complaint, Dkt. 1-4 ¶¶ 9-10. Norrell promotes her jewelry through her original photographs, three of which she registered with the U.S. Copyright Office in 2022 ("Works"). *Id.* ¶¶ 12-15. Norrell owns the registrations and the Works shown below. *Id.* ¶ 14.

| Title & Description | Reg. No. | Reg. Date | Images |
|---|---|---|---|
| Dainty Doe Product Pictures 2020<br>DDO-1 5.9.2020 | VA0002325264 | 10/17/2022 | |
| Dainty Doe Product Pictures 2020<br>DDO-2 5.9.2020 | VA0002325264 | 10/17/2022 | |
| DDO-3 4.19.2019 | VA0002329455 | 11/4/2022 | |

Norrell alleges that Defendants are individuals and businesses, most residing in China or other foreign jurisdictions, that operate marketplace accounts on websites including Alibaba.com, AliExpress.com, Amazon.com, eBay.com, Shopify, Walmart.com, and Wish.com. *Id.* ¶¶ 7, 18. Norrell alleges that Defendants "improperly and unlawfully use reproductions of the Works or derivatives thereof without Norrell's permission" to attract customers to their stores and advertise their goods. *Id.* ¶ 26. Norrell provides screen captures showing each Defendant's alleged infringement of the Works. Dkts. 1-7 through 1-24. For example, the screen capture below is from the seller Yiwu Lintai Import&Export Co., Ltd., which is John Doe 1, dated October 10, 2022:

2



Dkt. 1-7 at 2.

Norrell filed suit on March 6, 2023 against 133 Defendants. Complaint, Schedule A, Dkt. 1-5. By Text Order entered March 13, 2023, the Court granted Norrell's motion for alternative service, permitting her to effectuate service on Defendants via email. Because Defendants have not responded or appeared in this case, Norrell moved for entry of default, which the Clerk entered on June 30, 2023. Dkts. 35, 40.

Beginning with her Return of Executed Summonses, Norrell's filings have listed more defendants than the 133 identified on Schedule A to the Complaint (Dkt. 1-4), ending at either 142 or 143. *See* Dkt. 24-1 (143); Dkts. 30, 41-2, 45-1 (142). Because Norrell has not amended her Complaint to add these ten defendants, they are not proper parties to this action and are excluded from this Report and Recommendation, which pertains only to the 133 named Defendants.

3

Over the pendency of this case, Norrell has voluntarily dismissed 69 of the 133 Defendants.[1] She now seeks entry of a default judgment against the remaining 64 Defendants, an award of $150,000 in statutory damages from each Defendant, a permanent injunction, and attorney's fees and costs. Defendants have not filed a response to her motion.

## II.     Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an

---

[1] Norrell has voluntarily dismissed John Does 11-12, 16-17, 19, 21, 23-26, 31, 35-36, 38-41, 46, 48-52, 57-58, 61-62, 65, 67-69, 71-73, 75-78, 82-85, 87-88, 90, 92-93, 94, 97-99, 101, 103-05, 109, 111-13, 115, 118-21, 123-25, and 132-33. Dkts. 18, 25, 27, 29, 34, 36, 38, and 42. She also has voluntarily dismissed all of the late-added defendants except John Does 135 and 143. Dkt. 42.

accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because this case involves a claim under the Copyright Act, it invokes the Court's original federal question subject matter jurisdiction and its jurisdiction over copyright actions. 28 U.S.C. §§ 1331, 1338.

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution to controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990). Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019)

The Court finds that Norrell has alleged facts and submitted evidence sufficient to establish specific personal jurisdiction over Defendants. Norrell alleges that "Defendants accept orders [for] the Infringing Goods from and offer shipping to Texas addresses located in this District." Dkt. 1-4 ¶ 7. She submits hundreds of screen captures of Defendants' online stores displaying the Works. Dkt. 16-4. Norrell alleges that Defendants "regularly do business in Texas and in this District," have sold and shipped goods marketed to consumers in Texas and this District using the Works, and "were or are systematically directing or targeting their business activities at consumers in the U.S., including those in Texas and this District." Dkt. 1-4 ¶¶ 1, 7.

Accepting these well-pleaded facts as true, the Court finds that this case arises out of Defendants' contact with Texas, and that Defendants purposefully directed their activities to and availed themselves of this forum. *E.g.*, *Viahart, LLC v. Does 1-54*, No. 6:18-CV-604-RWS-KNM, 2022 WL 4138590, at *7 (E.D. Tex. July 18, 2022) (cleaned up), *R. & R. adopted*, 2022 WL 4137278 (E.D. Tex. Sept. 12, 2022). The Court also finds that exercise of jurisdiction over Defendants would not "offend traditional notions of fair play and substantial justice." *Felch*, 92 F.3d at 323. The Court therefore has specific personal jurisdiction over Defendants.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that Norrell is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

**1. A Default Judgment Is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider these factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying the relevant factors, the Court finds that default judgment is procedurally warranted. First, because no Defendant has filed an answer or any responsive pleadings, there are no material facts in dispute. Second, as discussed below, Norrell has asserted a meritorious cause of action for copyright infringement based on Defendants' unauthorized copying and use of the Works. The Court further finds that Norrell will be substantially prejudiced if her request for a default judgment is denied. Third, the grounds for default are clearly established. After being properly served, Defendants have failed to appear or file a responsive pleading, and the Clerk has entered default. Fourth, because Defendants have not appeared, the Court can find no good-faith mistake or excusable neglect on their part. Fifth, Norrell seeks only relief to which she is entitled under the Copyright Act, mitigating the harshness of a default judgment. Finally, the Court is not aware of

any facts giving rise to good cause to set aside a default judgment if challenged by Defendants. For these reasons, the Court concludes that a default judgment is procedurally warranted.

**2. There Is a Sufficient Basis for Judgment in the Pleadings**

The Court next determines whether there is a sufficient basis in the pleadings for the judgment requested. To succeed on a claim for copyright infringement, a plaintiff generally must prove ownership of a valid copyright and copying of constituent elements of the work that are original. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Norrell alleges that she owns valid copyrights in the Works, satisfying the first element of copyright infringement, and provides screenshots of her registration records from the U.S. Copyright Office website. Dkt. 1-6. To satisfy the second element, a plaintiff must show "factual copying and substantial similarity." *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015). Factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work before creating the infringing work and (2) probative similarity. *Id.* In the absence of proof of access, a plaintiff may show "'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007) (citation omitted).

Norrell has alleged both access and striking similarity. She alleges that "Defendants had access to Norrell's jewelry incorporating the copyrighted Works before Defendants created the Infringing Accounts because it was published on Norrell's website and on other places on the Internet." Dkt. 1-4 ¶ 47. And a side-by-side comparison of the Works and the photographs on Defendants' webstores shows striking similarity in that the photographs appear to be identical to the Works.

Norrell also shows that infringement is willful, which the Fifth Circuit has held encompasses knowing and reckless violations. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394-95

(5th Cir. 2014). A court may infer willfulness from evidence that notice of a valid copyright was provided to the defendant before the infringement. *WB Music Corp. v. Big Daddy's Entmt., Inc.*, No. EP-05-CA-267-PRM, 2005 WL 2662553, at *4 (W.D. Tex. Oct. 18, 2005). Norrell alleges that "Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Norrell's copyrights." Dkt. 1-4 ¶ 50. Because Defendants have not appeared, they have not contested any facts submitted by Norrell. By their default, Defendants have admitted to willfully infringing the Works. Taking her allegations as true, Norrell has pleaded sufficient facts to show that Defendants are liable for willful infringement of her copyrights in the Works.

## C. Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Norrell, the Court must determine the appropriate relief. Norrell seeks a permanent injunction, statutory damages of $150,000 against each defendant, and attorney's fees and costs.

### 1. Injunctive Relief

The District Court entered an *ex parte* temporary restraining order and preliminary injunction. Dkts. 12, 33. The preliminary injunction is effective for the pendency of this case and enjoins Defendants from, *inter alia*, infringing Plaintiff's copyright registrations, moving funds from their online accounts, removing or destroying evidence related to their online accounts, and transferring or disposing of any assets. Dkt. 33. The preliminary injunction also provides that "Third-Party Providers," including financial institutions and service providers, must identify all accounts and funds connected to Defendants and block any transfers from those accounts if served with the District Court's Order. *Id.*

Norrell requests entry of a permanent injunction with similar terms. She seeks an order enjoining Defendants from infringing her copyrights in the Works, moving funds from their online accounts, removing or destroying evidence related to their online accounts, and transferring or

disposing of any assets. Norrell further asks that Defendants be ordered to delete or destroy any of her photographs within their control and file a report under oath detailing their manner of compliance. Finally, Norrell requests that third-party hosting platforms and payment processors in possession of Defendants' funds restrain Defendants' funds and release them to Norrell if served with an order from the District Court granting a permanent injunction.

Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction generally must satisfy a four-factor test: (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) a permanent injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Norrell argues that because Defendants operate under "aliases and foreign accounts," they can continue infringing her copyright under aliases, which would require her "to file further, identical copyright infringement actions" to defend the Works. Dkt. 41 at 16-17. The requirements of irreparable injury and no adequate remedy at law often are indistinguishable. *Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976). The Court finds that the first two factors are satisfied under these circumstances. *See Malibu Media, LLC v. Dhandapani*, No. 3:19-CV-01300-M, 2020 WL 6120175, at *4 (N.D. Tex. Feb. 12, 2020) (finding both factors met where unlawful use continued, and future infringement would be difficult to trace to defendant); *Stygian Songs v. Johnson*, 776 F. Supp. 2d 233, 238 (N.D. Tex. 2011) ("[A] damages recovery, though it will help compensate past infringements, will not prove effective at guarding against future infringements.").

As to the balance of hardships, it is not a burden on Defendants to follow the law and cease their unauthorized use of the Works. In contrast, the Court finds that Norrell would suffer hardship without a permanent injunction because it is likely that she would have to litigate future infringement by Defendants. Finally, an injunction would serve the public interest by promoting compliance with copyright laws. *Mouse On Tha Track LLC v. Parg Mgmt. LLC*, No. 3:1-CV-2980-S-BH, 2019 WL 6970946, at *6 (N.D. Tex. Nov. 13, 213) (Ramirez, M.J.), *R. & R. adopted*, 2019 WL 69915726 (N.D. Tex. Dec. 18, 2019). The Court finds that the relevant factors all weigh in favoring of granting a permanent injunction.

### 2. Damages

Rule 54(c) provides that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Norrell alleges that each Defendants subject to this default judgment infringed one of the Works. Dkt. 45-1. She asks the Court to award "statutory damages of not more than $30,000 for each and every infringement of the Works pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement." Dkt. 1-4 at 18; Dkt. 41 at 11. Norrell does not seek actual damages or request a hearing. As stated above, a court may enter a default judgment awarding damages without a hearing if the amount of damages is a liquidated sum, capable of mathematical calculation, or demonstrated by detailed affidavits. *James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Section 504 of the Copyright Act permits plaintiffs to elect either actual or statutory damages as a remedy for infringement. If a plaintiff chooses statutory damages, a court may award $750 to $30,000 per work "as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright owner proves that infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

11

"Copyright law affords district courts broad discretion to impose damages awards within the bounds of statutory damages provisions." *Spectrum Ass'n Mgmt. of Tex., L.L.C. v. Lifetime HOA Mgmt. L.L.C.*, 5 F.4th 560, 565 (5th Cir. 2021). Statutory damages "are intended not only to compensate copyright owners but also to deter copyright infringers." *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 274 (5th Cir. 2020). Courts in the Fifth Circuit rarely grant statutory maximum damages. *R A Guthrie Co. v. Boparai*, No. 4:18-CV-080-ALM-KPJ, 2021 WL 1148957, at *14-15 (E.D. Tex. Mar. 1, 2021), *R. & R. adopted*, 2021 WL 1141667 (E.D. Tex. Mar. 25, 2021) (surveying cases).

Norrell does not provide a licensing fee for the Works. She generally makes a policy argument in favor of a maximum statutory award, contending that: "Awarding high statutory damages in this case will deter further infringers and punish the Defaulting Defendants for failing to participate in this litigation." Dkt. 41 at 15. The Court finds that Norrell has not shown that the maximum award of $150,000 per infringement would be just, but agrees that deterrence is an important consideration in this case, where each Defendant has willfully infringed the Works to sell an unknown quantity of jewelry. Because the Works were not just reproduced but infringed by use of a highly commercial nature, the Court considers it just to grant a higher award than in cases in which photographs were infringed merely by display on a website. *Cf., e.g.*, *Aberle v. GP Clubs, LLC*, No. A-19-CV-1066-RP, 2020 WL 4035074, at *4 (W.D. Tex. July 17, 2020) (recommending award of $2,500 for willful infringement of a single photograph on defendant's website). For these reasons, this Magistrate Judge recommends that the District Court award Norrell $10,000 from each Defendant for its infringement of one Work.

### 3. Fees and Costs

The Copyright Act authorizes a court to award full costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505. In a copyright action, a fee award to the prevailing party "is the

rule rather than the exception and should be awarded routinely," but "is not automatic." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (quoting *Virgin Recs. Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008)). The amount of fees and costs a plaintiff may recover is left to the discretion of the court. *Id.* Relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 539 n.19 (1994)).

If the District Court adopts this Report and Recommendation, Norrell will prevail on her claims. The Court finds that this case is neither frivolous nor unreasonable, and that it may serve to compensate Norrell and deter other infringers. Considering all relevant factors, this Magistrate Judge recommends that the District Court award Norrell her full costs and reasonable attorney's fees, subject to submission of an accounting detailing her fees and costs and supporting affidavit.

## IV.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. 41). The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Kimberly Norrell's request for a default judgment and **ENTER JUDGMENT** for Norrell and **AWARD** Plaintiff $10,000 in statutory damages per Defendant against Defendants John Does 1-10, 13-15, 18, 20, 22, 27-30, 32-34, 37, 42-45, 47, 53-56, 59-60, 63-64, 66, 70, 74, 79-81, 86, 89, 91, 95-96, 100, 102, 106-08, 110, 114, 116-17, 122, and 126-31 for copyright infringement, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

The Court further **RECOMMENDS** that the District Court **GRANT** Plaintiff's requests for entry of a permanent injunction and attorney's fees.

**IT IS ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 6, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE