IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIMBERLY NORRELL, *d/b/a The Dainty Doe* | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-238-RP |
| DOES 1-133, *The Individuals, Business Entities, and Unincorporated Associations Identified on Schedule A* | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiff Kimberly Norrell ("Plaintiff") Motion for Default Judgment. (Mot., Dkt. 41) (R. & R., Dkt. 47). Plaintiff timely filed objections to a portion of the report and recommendation. (Objs., Dkt. 48).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because the parties timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules the parties' objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 47), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, (Dkt. 41), is **GRANTED IN PART** and **DENIED IN PART**. Norrell shall be awarded $10,000 in statutory damages per Defendant against Defendants John Does 1-10, 13-15, 18, 20, 22, 27-30, 32-34, 37, 42-

45, 47, 53-56, 59-60, 63-64, 66, 70, 74, 79-81, 86, 89, 91, 95-96, 100, 102, 106-08, 110, 114, 116-17, 122, and 126-31 for copyright infringement, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS THEREFORE ORDERED**:

1. Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:
    a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's Photographs, other colorable imitations of the Photographs, or products and photographs that otherwise infringe on Plaintiff's copyright registrations;
    b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, eBay, Joybuy, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, and Western Union;
    c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's Photographs; and
    d. engaging in any other activity that infringes on Plaintiff's rights in any manner.
2. All of Plaintiff's Photographs in the Defaulting Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b):
3. Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, eBay, Joybuy, Walmart, Wish, etc., will within 10 business days of receipt of this Order:
    a. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants, in the past, currently, or in the future, engage in the sale of products using the Infringing Photographs, including, but not limited to, any accounts associated with the Defaulting Defendants listed on the attached "Exhibit 1;" and

    b. take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

4. Plaintiff is awarded its full costs and attorney's fees against the Defaulting Defendants pursuant to 17 U.S.C. § 505, and shall file with this Court a bill of costs and full accounting of attorneys' fees incurred to-date.

5. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and statutory damages against it: a. Alibaba, AliExpress, Amazon, eBay, Joybuy, Walmart, and Wish (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 10 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendants and the Defaulting Defendants' Infringing Webstores identified in the attached "Exhibit 1" from transferring or disposing of any money or other of the Defaulting Defendants' assets.

6. All monies, up the amount of $10,000.00 per Defaulting Defendant, in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached "Exhibit 1," and any email addresses provided for the Defaulting Defendants by any third parties;

b.  Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

c.  Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

The Court will enter final judgment by separate order.

**SIGNED** on October 19, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE